**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

RAMONA MERRIMAN,

           **Plaintiff,**

v.                                               Case No. 12-C-621

MINNESOTA LIFE INSURANCE COMPANY
and NESTLE USA INC.,

           **Defendants.**

---

## DECISION AND ORDER

---

### Background

Plaintiff Ramona Merriman ("Merriman") filed this action in the Circuit Court for Racine County, Wisconsin. The lawsuit arises out of the denial of death benefits following the August 27, 2009, accidental death of her husband, Robert J. Merriman, Sr., under a life insurance policy provided by Defendant Minnesota Life Insurance Company ("Minn Life") through her employer, Defendant Nestle USA, Inc. ("Nestle").

Minn Life, with Nestle's consent, removed the action to this District invoking both federal question jurisdiction and diversity jurisdiction under 28 U.S.C. § 1331 and § 1332, respectively. In its notice of removal, citing Merriman's claims that Minn Life wrongfully refused to pay death benefits, and noting that the insurance policy was provided to Merriman as part of an employee benefit plan, Minn Life asserts that Merriman's claims are subject to the Employee Retirement Insurance Security Act ("ERISA"), which confers

exclusive federal jurisdiction on the federal courts. Minn Life further asserts that removal is also appropriate based upon diversity jurisdiction because Merriman is a citizen of Wisconsin, Minn Life is a citizen of Minnesota, and the amount in controversy is $200,000.00, exclusive of attorney fees and costs. The notice of removal also states that Nestle "may not be diverse, but Nestle is apparently joined only for the attempted purpose to preclude removal," and that Merriman's claim against Nestle "is utterly groundless, and an exception to the requirement of complete diversity exists."

## Motion to Remand

In the wake of the removal, Merriman filed a motion to remand this action to state court pursuant to 28 U.S.C. § 1447(c). Merriman did not file a brief or a certificate that no brief would be filed. *See* Civil L. R. 7(a) (E.D. Wis.) The time for the Defendants to file responses to the remand motion has passed. Neither Defendant has responded. This Decision and Order addresses the remand motion.

Merriman's motion asserts that Minn Life's notice of removal does not comply with Civil Local Rule 8 and the Court lacks diversity jurisdiction under 28 U.S.C.§ 1332. Merriman challenges Minn Life's claim that Nestle was named solely to defeat diversity, pointing to the fact that Nestle arranged and negotiated with Minn Life for the insurance policy at issue. Merriman also states that, without discovery, she does not have sufficient information to address whether federal question jurisdiction over this action is afforded by 28 U.S.C. § 1331, because this matter is an ERISA claim.

"Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted). Civil Local Rule 8 provides:

> If a pleading or notice of removal asserts jurisdiction based on diversity of citizenship, the pleading or notice must identify the amount in controversy and the citizenship of each party to the litigation. If any party is a corporation, the pleading or notice must identify both the state of incorporation and the state in which the corporation has its principal place of business. If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members.

(E.D. Wis.)

Minn Life's notice of removal does not comply with the foregoing requirements because it fails to identify each defendants' state of incorporation and the state in which each defendant corporation has its principal place of business. Minn Life must file an amended notice of removal to correct the defects in its notice of removal. After Nestle's citizenship for purposes of diversity jurisdiction is established, the impact of its joinder as a party may be revisited, if appropriate.

Regardless, this action was also removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Merriman states she needs discovery to determine whether federal question jurisdiction exists. Based on the information currently before the

3

Court, subject matter jurisdiction is afforded by § 1331. Therefore, Merriman's motion for remand is denied, without prejudice.

At this juncture, the case is ready for a telephone scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. The Court will initiate the call.

The purpose of the conference call is to establish a scheduling order which will limit the time:

1. to join other parties and to amend the pleadings;

2. to file motions; and

3. to complete discovery;

The scheduling order may also:

4. modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

5. provide for the disclosure or discovery of electronically stored information;

6. include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced;

7. the date or dates for conferences before trial, a final pretrial conference, and trial; and

8. any other matters appropriate in the circumstances of the case.

The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). *See* Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least 21 days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within 14 days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case. The written report must include the telephone numbers where the parties can be reached for this call.

In addition, the Court is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the Principles Relating to the Discovery of Electronically Stored Information. Counsel should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information. At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine

5

whether to enter the Standing Order Relating to the Discovery of Electronically Stored Information in their particular case. (*See* Attachments B & C).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Merriman's motion to remand (ECF No. 9) is **DENIED**;

**No later than September 10, 2012,** Minn Life must file an amended notice of removal to correct the defects in its notice of removal;

The parties **MUST** participate in a telephone scheduling conference which the Court will conduct on **Tuesday, October 30, 2012, at 9:30 a.m.** The Court will initiate the call; and,

Prior to such conference, the parties **MUST** also comply with the requirements of Rule 26 of the Federal Rules of Civil Procedure as outlined above.

Dated at Milwaukee, Wisconsin this 31st day of August, 2012.

**BY THE COURT**

*/s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**